THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 8, 2022

**EBONY MARSHALL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County
Nos. 13-05966, 13-05021   Jennifer Mitchell, Judge**

_____

**No. W2021-01131-CCA-R3-PC**
_____

The Petitioner, Ebony Marshall, appeals from the Shelby County Criminal Court's
summary dismissal of his petition for post-conviction relief from his convictions for two
counts of robbery and his effective twenty-five-year sentence.  On appeal, the Petitioner
contends that the post-conviction court erred by determining that his petition was untimely
and by summarily dismissing his petition.  We conclude that the petition for relief was
timely filed.  We reverse the judgment of the post-conviction court and remand for further
proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;
Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JOHN
EVERETT WILLIAMS, P.J., and TIMOTHY L. EASTER, J., joined.

Shae Atkinson, Memphis, Tennessee, for the appellant, Ebony Marshall.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant
Attorney General; Amy P. Weirich, District Attorney General; Leslie Byrd, Assistant
District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2013, the Petitioner was indicted for two counts of robbery stemming from
separate incidents.  On July 6, 2015, the Petitioner pleaded guilty as charged, and at the
August 11, 2015 sentencing hearing, he received an effective twenty-five-year sentence as
a Range III, persistent offender.  On September 3, 2015, the Petitioner filed a pro se notice
of appeal.  On September 6, 2015, trial counsel likewise filed a notice of appeal "from the
final judgment."  On October 1, 2015, the Petitioner filed a pro se "notice of withdrawal of
guilty plea," and he filed a second pro se motion to withdraw his guilty pleas on February

2, 2016. This court stayed the appeal from the final judgments pending the outcome of the motion to withdraw guilty pleas.

On February 19, 2016, the trial court denied the Petitioner's motions to withdraw his guilty pleas. On March 11, 2016, trial counsel filed a notice of appeal "from the final judgment entered after defendant's petition to withdraw his guilty plea," and he alleged that the trial court erred by denying his motion to withdraw, that the court erred by imposing consecutive service, and that the Petitioner was denied his rights to due process and self-representation. On March 21, 2016, the Petitioner filed a pro se notice of appeal, which stated he was appealing from the trial court's denial of the motion to withdraw his guilty pleas. This court determined that the Petitioner filed a timely notice of appeal from the trial court's judgments, that the appeal was stayed pending the outcome of the motion to withdraw guilty pleas, and that the issues related to the appeal following the entry of judgments and to the appeal from the denial of the motion to withdraw were properly before the court. However, this court denied relief with regard to the motion to withdraw and to sentencing, and it declined to consider the constitutional allegations after determining the issues were more appropriate for post-conviction proceedings. *See State v. Ebony Marshall*, No. W2015-01835-CCA-R3-CD, 2017 WL 2350966 (Tenn. Crim. App. May 31, 2017) (not for citation), *perm. app. denied* (Tenn. Nov. 22, 2017). The supreme court denied the Petitioner's application for permission to appeal on November 22, 2017. *See State v. Ebony Marshall*, No. W2015-01835-SC-R22-CD (Tenn. Nov. 22, 2017) (order).[1]

On January 19, 2018, the Petitioner filed a pro se petition for post-conviction relief, alleging that he received the ineffective assistance of counsel; that his guilty pleas were involuntary; and that his convictions were based upon unlawfully seized evidence, upon an unlawful arrest, upon a violation of the privilege against self-incrimination, and upon the State's failure to disclose favorable evidence to the defense. Counsel was appointed on July 17, 2018. On June 11, 2019, the Petitioner filed a motion to "waive court-appointed counsel – motion to proceed pro se." Counsel was permitted to withdraw on July 24, 2019. Subsequent counsel was appointed on July 24, 2019. However, for reasons unclear in the record, post-conviction counsel was appointed on October 1, 2021. The order appointing post-conviction counsel was entered on October 1, 2021 but was designated "Nunc Pro Tunc to October 31, 2019."

---

[1] In its order denying the Petitioner's application for permission to appeal, our supreme court noted that it was concerned whether the trial court had jurisdiction to consider the motions to withdraw guilty pleas. The supreme court stated that the issue was not raised on appeal by the State and was not addressed in this court's opinion and that as a result, this court's opinion was designated "not for citation" in accordance with Supreme Court Rule 4, § E. *Id.* Notwithstanding the court's jurisdictional concern in connection with the motions to withdraw guilty pleas, the record reflects that the Petitioner filed a timely notice of appeal after the trial court imposed a twenty-five-year sentence.

On August 23, 2021, the post-conviction court entered an order summarily dismissing the petition for post-conviction relief. The court determined that the petition was untimely and denied the Petitioner's request for an evidentiary hearing. The court found that the Petitioner filed his pro se petition two years and four months after the judgments became final and that due process tolling of the statute of limitations period was not warranted. This appeal followed.

The Petitioner contends that the post-conviction court erred by summarily dismissing his petition for relief. He asserts that he filed his petition within the one-year limitations period and that, as a result, he is entitled to an evidentiary hearing. The State concedes that the petition was timely and that the Petitioner is entitled to an evidentiary hearing. We agree.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). Post-conviction relief is available within one year of the date of a judgment's becoming final. T.C.A. § 40-30-102(a) (2018). The Post-Conviction Procedure Act states, "Time is of the essence of the right to file a petition for post-conviction relief . . . , and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." *Id*.

When a court receives a post-conviction petition, it must conduct a preliminary review to determine, among other matters, whether the petition is timely and whether it states a colorable claim. T.C.A. § 40-30-106(b), (d) (2018). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations . . . the judge shall enter an order dismissing the petition." *Id*. at (b).

"[A] person in custody under a sentence of a court of this state must petition for post-conviction relief . . . within one (1) year of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." *Id*. at § 40-30-102(a). After the Petitioner's sentencing hearing, he filed a timely notice of appeal, and the appellate proceedings were stayed pending the outcome of his motion to withdraw his guilty pleas. The trial court denied the motion, and the Petitioner filed a subsequent notice of appeal. This court denied relief on May 31, 2017. The Petitioner sought permission to appeal to our supreme court, but it denied the application on November 22, 2017. The Petitioner filed his pro se petition for post-conviction relief on January 19, 2018, less than two months later. As a result, the Petitioner filed his petition within one year of the final action of the highest state appellate court to which an appeal was taken. The petition was, therefore, timely. The judgment of the post-conviction court

-3-

is reversed, and the case is remanded to the post-conviction court for an evidentiary hearing.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is reversed, and the case is remanded for further proceedings.

_____
ROBERT H. MONTGOMERY, JR., JUDGE